**RAPAPORT LAW FIRM, PLLC**
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
Telephone: (212) 382-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IRENE ALICEA,

                Plaintiff,

THE WOODNER COMPANY LTD a/k/a
THE WOODNER COMPANY,

                Defendant.
-----------------------------------------------------------------X

Civil Action No. 22-cv-09569

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff IRENE ALICEA ("Alicea" or "Plaintiff"), by her attorneys, RAPAPORT LAW FIRM, PLLC, as and for her Complaint against THE WOODNER COMPANY LTD a/k/a THE WOODNER COMPANY ("Defendant"), alleges as follows:

    **I.**    **Nature of Action, Jurisdiction and Venue**

1. This is an action seeking equitable and legal relief for Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL") §§ 190 et seq. and 650 et seq. ("NYLL").

2. This Court has subject matter jurisdiction over this action pursuant to the provisions of 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331), and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

3. Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendant transacts business and has agents in the Southern District and is

otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Plaintiff within the State of New York and within this judicial district.

4. Defendant conducts business within the Southern District of New York, maintaining a place of business at 21 East 67th Street, New York, New York.

5. A declaratory judgment is authorized in this case by 28 U.S.C. § 2201.

6. At all relevant times, Defendant was a "covered employer" and/or an "employer" under all relevant statutes, including, *inter alia,* the FLSA and NYLL.

## II.    THE PARTIES

*Plaintiff:*

7. Plaintiff an adult, natural person who resides in the State of New York.

8. With respect to all causes of action, Plaintiff was an employee of Defendant, as defined in all laws applicable to this Complaint, including the NYLL and FLSA.

*Defendant:*

9. Upon information and belief, at all times herein relevant, Defendant is a privately held corporation organized under the laws of the State of Delaware with its principal place of business in the City, County and State of New York.

10. Upon information and belief, Defendant interchangeably holds itself out as "THE WOODNER COMPANY" and "THE WOODNER COMPANY LTD."

11. Upon information and belief, Defendant has a principal place of business at 21 East 67th Street, 4th Floor, New York, New York.

12. At all relevant times, Defendant was a covered employer within the meaning of the FLSA and NYLL.

13. On Defendant's website, Defendant describes itself as:

> [a] real estate management and development group with numerous residential and commercial interests in Washington D.C. and New York.

2

> The Woodner holdings consist of approximately 2,500 residential rental units and interests in commercial real estate.

http://woodner.com/About-us.aspx (accessed on November 8, 2022).

14. Defendant is "an enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (a) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including, solely by way of example, supplies for the maintenance and repair of apartment buildings and commercial properties; and (b) an annual gross volume of revenues in excess of $500,000.

### III.   FACTS

15. Defendant is a property management company that manages and operates apartment buildings and complexes in New York State and Washington, D.C.

16. Defendant employed Plaintiff from on or about September 21, 2019 until on or about October 26, 2022.

17. Defendant employed Plaintiff at Defendant's apartment complex, known as Crestwood Lake Apartments ("Crestwood"), a 1,100 unit complex located at 90 Beaumont Circle, Yonkers, New York.

18. Throughout Plaintiff's employment, Defendant paid Plaintiff on an hourly basis for her work.

19. Initially, Plaintiff's rate of pay was $21.64 per hour. Thereafter, Plaintiff received two raises, first to $28.85 per hour; and then, in 2022, to $31.15 per hour.

20. At first, Plaintiff worked as Crestwood's Maintenance Coordinator. In this role, Plaintiff was involved in handling tenants' complaints and work orders.

21. Thereafter, commencing in or about November 2020, Plaintiff worked as Crestwood's Inventory Manager, in which capacity she maintained and monitored tools and supplies; handed out supplies; restocked inventory; and performed similar unskilled tasks.

22. Ultimately, on or about August 1, 2022, Plaintiff was transferred to the position of Crestwood's Section 8 Coordinator. In this capacity, Plaintiff's duties included, *inter alia*, maintaining a calendar of apartment inspections; conducting inspections; and maintaining a spreadsheet of abatements. Plaintiff also performed a myriad of other unskilled tasks, including, solely by way of example, picking up supplies from stores; cleaning Crestwood's inventory storage area; counting inventory; ordering uniforms; handing out supplies; dropping off keys; and collecting rents.

23. At all times relevant hereto, Defendant has committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continue to be economically injured.

24. Defendant has failed to compensate Plaintiff for every hour she worked at and, instead, week-after-week, only compensated Plaintiff for a portion of the hours that she actually worked.

25. Defendant maintained a policy and practice of failing to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week.

26. Defendant has willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

27. Defendant also willfully and purposely disregarded and evaded the NYLL's requirement that employers furnish employees with wage statements on each payday containing the criteria required under the NYLL 195(3). Among other omissions and defects, the wage statements provided to Plaintiff omitted substantial portions of the time

4

Plaintiff actually worked, even though Defendant was well aware that Plaintiff worked substantially more hours than was indicated on her wage statements.

28. In addition, in violation of NYLL § 191, Defendant willfully failed to furnish Plaintiff, at the time of hiring or whenever there was a change to her rate of pay, with wage notices required by NYLL § 191.

*Wage Claims*

29. At all relevant times hereinafter mentioned, under the FLSA, Plaintiff was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) her regular hourly rate of pay after she worked forty (40) hours in a workweek.

30. Plaintiff typically worked five days per week (Monday through Friday).

31. Plaintiff typically began her workdays at approximately 6:30 a.m. to 6:45 a.m., and she generally worked until 5:00 p.m. or later. After accounting for her lunch break, Plaintiff typically worked forty-five (47) or more hours per week.

32. Defendant knew that Plaintiff worked more than 40 hours per week by virtue of receiving time sheets on which Plaintiff reported the time she began and finished work each day. Nonetheless, with few exceptions, Defendant only paid Plaintiff for the first forty (40) hours she worked each week.

33. In the few instances when Defendant paid Plaintiff for some of her overtime hours, Defendant failed to pay Plaintiff 1.5 times her regular rate of pay for her overtime hours. For example, according to Plaintiff's earnings statement for the weekly pay period ending September 17, 2022, Plaintiff worked 48 hours, and Defendant paid Plaintiff for eight (8) hours of overtime, but at Plaintiff's regular hourly rate of pay.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Overtime Wage Violations under the FLSA**

34. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

35. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked 47 or more hours per week.

36. Defendant required Plaintiff, as part of her employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

37. At all relevant times hereto, Defendant has had and operated under a decision, policy, and plan of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times her regular rate of pay for all hours of work in excess of forty (40) hours per workweek, in violation of the FSLA.

38. Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
**New York Labor Law – Overtime Wages**

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

41. Defendant willfully failed to pay Plaintiff for all of the hours she worked in excess of 40 hours in a workweek.

42. Defendant willfully failed to pay Plaintiff premium overtime at a rate of time and one-half her regular hourly rate for all hours worked in excess of 40 hours per workweek.

43. As a result of Defendant's knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
**Failure to Pay Accrued Wages – NYLL §§ 663 and 191**
**Gap-Time Claim and Failure to Timely Pay Accrued Wages**

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff's work schedule entailed approximately forty-seven (47) or more hours of work per week.

46. However, with limited exceptions, Defendant's weekly paychecks to Plaintiff compensated Plaintiff for only forty (40) hours of work.

47. As a result, Defendant failed to pay Plaintiff any wages for approximately seven (7) of the hours that Plaintiff worked each week.

48. Consequently, Plaintiff is entitled to compensation for unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**
**Violation of NYLL § 195(3)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. The NYLL and Wage Theft Prevention Act ("WTPA") required employers to provide employees with an accurate wage statement each time they are paid.

51. Defendant willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

52. Defendant's wage statements to Plaintiff failed to correctly identify Plaintiff's actual number of hours worked.

53. Defendant's wage statements to Plaintiff failed to correctly identify the overtime hours worked, as well as the overtime rate of pay.

54. Due to Defendant's foregoing violations of the NYLL, Plaintiff is entitled to recover from Defendant liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, plus costs and reasonable attorneys' fees pursuant to NYLL § 198(1-d).

### AS AND FOR A FIFTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices
Violation of NYLL § 195(1); Statutory Damages NYLL § 198**

55. Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

56. The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

57.     Defendant willfully failed to furnish Plaintiff, at the time of hiring or whenever there was a change to her rate of pay, with wage notices required by NYLL § 195(1).

58.     Due to Defendant's violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendant $50.00 per work day that the violations occurred or continue to occur, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, Irene Alicea, respectfully requests that the Court grant the following relief:

1.      Declaring, adjudging and decreeing that Defendant willfully violated the overtime provisions of the FLSA and NYLL as to Plaintiff;

2.      Awarding Plaintiff damages for unpaid overtime wages;

3.      Awarding Plaintiff damages and restitution for all unpaid compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages;

4.      Awarding Plaintiff liquidated damages in an amount equal to twice the total amount of wages found to be due, pursuant to the FLSA and NYLL;

5.      Awarding statutory damages for Defendant's failure to provide Plaintiff with statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(3);

6.      Awarding statutory damages for Defendant's violation of NYLL § 191 by failing to furnish Plaintiff, at the time of hiring or whenever there was a change to her rate of pay, with wage notices required by NYLL § 191;

7.      Declaring that Defendant's violations of the NYLL and FLSA were willful;

8. For all other Orders, findings and determinations identified and sought in this Complaint;

9. For prejudgment and post judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

10. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

11. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
November 9, 2022

**RAPAPORT LAW FIRM, PLLC**

By: /s/ _____
Marc A. Rapaport
*Attorney for Plaintiff*
*Irene Alicea*
Rapaport Law Firm, PLLC
80 Eighth Avenue, Suite 206
New York, New York 10011
Ph: (212) 382-1600
mrapaport@rapaportlaw.com